**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

EASTERN PORTLAND CEMENT
CORP.,

        Plaintiff,

v.                                                    Case No. 8:08-cv-637-T-24 TBM

F.L. SMIDTH INC.,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion for Order Directing Plaintiff to Elect Remedy of Breach of Contract or Rescission. (Doc. No. 122). Plaintiff opposes the motion. (Doc. No. 124).

## I. Background

This case involves a contract entered into by Plaintiff Eastern Portland Cement Corp. ("EPC") and Defendant F.L. Smidth Inc. ("FLS"), wherein FLS agreed to design and manufacture a pneumatic ship unloader for EPC. This unloader was to be used by EPC at its Port Manatee cement import terminal, located at Berth 8. The central dispute between the parties is whether they agreed and/or intended that FLS would design an unloader that would work within the existing load-bearing capacity of the dock without requiring modifications to the dock beyond resurfacing.

EPC filed the instant lawsuit against FLS, in which it asserts claims against FLS for breach of contract and rescission. (Doc. No. 42). In its breach of contract claim, EPC alleges that FLS breached their contract by failing to design the unloader so that it would function within

the existing load requirements of Berth 8.  In its rescission claim, EPC seeks rescission due to a mistake regarding the ability to design an unloader that would function within the existing load requirements of Berth 8 and/or impossibility of FLS to create an unloader that would function within the existing load requirements of Berth 8.

**II.  Motion to Direct Plaintiff to Elect a Remedy**

In the instant motion, FLS argues that EPC should be required to elect the remedy of rescission or the remedy of damages for breach of contract prior to trial.  In support of this argument, FLS cites a case from Florida's Third District Court of Appeal, Deemer v. Hallett Pontiac, Inc., 288 So. 2d 526, 527-28 (3d DCA 1974), in which the appellate court affirmed a lower court's decision to require the plaintiff to make an election between two inconsistent remedies prior to trial.  The court in Deemer did not explain the reasoning for requiring the election to be made prior to trial, and Deemer has been specifically rejected by Florida's Fifth District Court of Appeal in Monco of Orlando, Inc. v. ITT Industrial Credit Corp., 458 So. 2d 332, 334 (Fla. 5th DCA 1984).

In Monco, the court stated that "an election between inconsistent remedies need only occur before judgment is entered."  Id.  Not only have Florida's First, Second, and Fourth District Courts of Appeal come to the same conclusion, but also has the Florida Supreme Court.  See, e.g., Barbe v. Villeneuve, 505 So. 2d 1331, 1333 (Fla. 1987); Smith v. Frank Griffin Volkswagen, Inc., 645 So. 2d 585, 586 n.3 (Fla. 1st DCA 1994); Alvarez v. Puleo, 561 So. 2d 437, 437-38 (Fla. 2d DCA 1990); First National Bank of Lake Park v. Gay, 694 So. 2d 784, 786 (Fla. 4th DCA 1997); Liddle v. A.F. Dozer, Inc., 777 So. 2d 421,422 (Fla. 4th DCA 2001).  Federal courts applying Florida law have also come to the same conclusion.  See, e.g., Wynfield

2

Inns v. Edward Leroux Group, 896 F.2d 483, 488 (11th Cir. 1990); Harbaugh v. Greslin, 2004 WL 5589736, at *9 (S.D. Fla. Dec. 14, 2004).

When a plaintiff seeks to litigate two mutually exclusive causes of action and does not choose to elect a remedy prior to trial, the following procedure can be used in order to prevent double recovery: The plaintiff may proceed to trial on alternative theories, and the court can instruct the jury on the concept of alternative pleading. See Goldstein v. Serio, 566 So. 2d 1338, 1340 (Fla. 4th DCA 1990). At the close of the case, the jury could be given special interrogatories so that the jury could resolve specific issues of fact in dispute between the parties. See id. Such special interrogatories could also include a question on the issue of the amount of damages due to the plaintiff, if any were to be awarded. See id. After the jury answers the special interrogatories, the plaintiff would be required to elect a remedy, with the jury's findings of fact being binding. See id. Thereafter, the court would enter judgment based on the special interrogatories and the remedy elected by the plaintiff.

## III. Conclusion

Accordingly, EPC is not required to elect a remedy prior to trial. Therefore, it is ORDERED AND ADJUDGED that FLS' Motion for Order Directing Plaintiff to Elect Remedy of Breach of Contract or Rescission (Doc. No. 122) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of December, 2009.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

3